Jon D. Graves, Legal Counsel, SC #10554
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504-1568
Telephone: (620) 625-7253
Jon.Graves@ks.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN JADE COLLINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-3085-JWL |
| ) | |
| MELISSA WALDOCK, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### RESPONSE TO COURT'S ORDER OF JUNE 2, 2023

COMES NOW the interested party, Kansas Department of Corrections, by and through counsel, Jon Graves, and responds to the Court's order of June 2, 2023, to notify the Court whether, in light of plaintiff's transfer to an out of state housing facility, all of the issues in plaintiff's case are moot.

In a phrase, yes, this counsel believes all issues raised by plaintiff in his complaint are rendered moot by reason of plaintiff's transfer in May of 2023 to a housing facility outside the state of Kansas, and because of the other circumstances of his two cases.

Plaintiff's complaints date back to 2017, complaining that his identity was shared with staff in 2017, and that security threat groups then somehow became aware of his identity, causing him to be in danger from the various inmate groups because he was an informant.

Plaintiff filed a lawsuit in the District of Kansas, case number 17-3189-SAC, seeking to be transferred out of state for reason of his safety and also asking for $1,000,000.00 in punitive damages.

When he was transferred out of state, the case was dismissed as moot on June 28, 2018.  In his order, Judge Crow explained why the 11th Amendment to the U.S. Constitution and the principle of Qualified Immunity protected the defendants from liability.  The Court also explained that plaintiff, in 2017, was not bringing his action because his name was disclosed as a confidential informant, but only because he felt the defendants' response to his identification as a confidential informant was deficient.

In this current action, plaintiff addresses the deficiency noted by Judge Crow in his 2018 order of dismissal, that plaintiff did not allege that corrections staff labeled him as an informant or that staff informed other prisoners plaintiff was cooperating with law enforcement.  Plaintiff now also alleges that Defendant Lines did exactly that by so identifying him in a loud voice as he was being walked down a hallway lined with inmate cells.  Defendant Lines denies that allegation and there has been no other proof of this allegation discovered.

There has been no allegation by plaintiff upon his most recent return to custody, nor any proof, that plaintiff has suffered any physical injury from other inmates as a result of his perceived status as an informant. As soon as plaintiff raised the issue of his safety at the Larned facility he was placed in a cell by himself and remained in that status until he was transferred out of state.

Plaintiff does repeat his $1,000,000.00 damages claim is for punitive damages and also for damages experienced by way of his Post Traumatic Stress Disorder (PTSD).

Plaintiff's claims are apparently founded on matters which transpired in 2017 and which were dealt with in Judge Crow's order of dismissal from which no appeal was taken. It is not clear that any of plaintiff's damages claim is based on matters which occurred after 2017. Plaintiff's claim against Defendant Lines is alleged to have occurred during his recent period of incarceration, but there is no indication that any damage occurred as a result of that alleged conduct.

Counsel would then suggest that Judge Crow's order of dismissal disposes of all current issues and that all the issues in this current action are rendered moot by the transfer of plaintiff to out of state housing. The only new issue alleged in that of defendant Lines identifying plaintiff as an informant. That allegation goes to support plaintiff's demand to be transferred again rather than to any damages claim.

For the above reasons, this counsel does believe that Judge Crow's June 28, 2018, order is still controlling as to plaintiff's current matter upon plaintiff's transfer to an out of state housing facility. Depending on how the Court analyzes and compares the 2017

and 2023 cases, that order could become the law of the case. Other equitable theories of res judicata, collateral estoppel or equitable estoppel might also be applicable.

In this counsel's opinion, plaintiff's complaint is now moot as to the issues properly considered in his current case.

The need to send plaintiff a copy of this Response also raises another issue. The sole reason plaintiff was transferred to another state is due to his concern that his life is in jeopardy due to his self-proclaimed status as an informant. This response, the Martinez Report with attachments, the defendants' answer and any orders of the Court are normally to be sent to plaintiff as a matter of course. The concern this counsel has is that once the pleadings are received by plaintiff's housing facility and delivered to plaintiff that it is, most likely, only a matter of time until inmates in the receiving state see paperwork referencing plaintiff's allegations that he is an informant. Counsel then wonders how the protocol for the delivery to and possession by plaintiff of the various paperwork in this case can be adjusted to accommodate this concern.

After a phone call with plaintiff and with his case worker, it was agreed that Counsel would send this one pleading to plaintiff in care of his case worker, Michelle Marshall, at the same address as plaintiff. Counsel will continue to follow this protocol until the Court directs otherwise.

Respectfully submitted,

By\_\_\_/s/ Jon D. Graves_____

Jon D. Graves #10554
P.O. Box 1568
Hutchinson, KS 67504-1568
(620) 625-7253
Jon.Graves@ks.gov
**Attorney for Interested Party**

### CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Justin J Collins #1321319
c/o Michelle Marshall
█████████████████████████
████████
████████████████

**PLAINTIFF PRO SE**

/s/ Jon D. Graves_____
Jon D. Graves